## CHARLES RAYMOND McDOWELL v. STATE.

No. A-10889.   Sept. 8, 1948.

(197 P. 2d 531.)

J. Woody Dixon, of Marietta, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J. The defendant, Charlie Raymond Mc-Dowell, was charged in the district court of Love county with the crime of murder, was tried, convicted of manslaughter in the first degree and sentenced to serve seven years in the State Penitentiary at McAlester and has appealed.

No brief has been filed on behalf of defendant and no appearance was made in his behalf at the time the case was assigned for oral argument.

We have carefully examined the record. The information properly charges the crime of murder alleged to have been committed on September 17, 1946, by discharging a pistol into the body of one Leland L. McCorkle.

The evidence showed that the killing occurred at a beer tavern near the Texas border known as Frank's Night Spot. The deceased and one Ware were sitting in a booth in the tavern when the defendant approached the booth and fired the shot which killed McCorkle.

The defendant admitted the shooting but contended that he fired the shot in self-defense. The evidence on behalf of defendant showed that the deceased together with Ware had been at a room occupied by the defendant shortly before the shooting occurred and had engaged the defendant in a dice game. The deceased was a professional gambler and bootlegger. Many witnesses testified to the bad reputation of the deceased and to the good reputation of the defendant, and this evidence probably accounts for the fact that the defendant received the

small term of seven years imprisonment in the penitentiary instead of a more severe sentence, as the physical facts at the time of the actual killing show very little, if any, justification for the defendant's acts.

The evidence is sufficient to sustain the conviction and the instructions appear to be fair and to fully state the law applicable to the case. The defendant's theory of self-defense was fully presented in the court's instructions and the issue raised was determined adversely to the defendant by the jury.

As hereinabove noted, there has been no brief filed specifically calling our attention to any assignment of error, and in our examination of the record we have found no error which deprived the defendant of a fair and impartial trial.

The judgment and sentence of the district court of Love county is accordingly affirmed.

BAREFOOT, P. J., and BRETT, J., concur.